This card is now in session. Please be seated. Thank you. The clerk will call the next case. 322-0140 Village of Glen Ellyn, Appalachia v. Mary Dolan v. Marta A. Podkul, Appellant by Kelly Taylor Ms. Taylor, you may proceed. Good morning. May it please the Court, Counsel? I am Kelly Taylor from the Office of the State Appellate Defender on behalf of the Appellant Marta Podkul. There is only a singular issue in the case, whether Marta was improperly prosecuted in the name of a municipality by the municipal attorney without the requisite written consent of the state's attorney. Marta was charged with two violations of the Illinois Vehicle Code. Section 16-102C of the Code states that the state's attorney of the county in which the violation occurs shall prosecute all violations except when the violation occurs within the corporate limits of a municipality. The municipal attorney may prosecute if written permission to do so is obtained from the state's attorney. Here, no written permission was obtained. Contained in the record is a document entitled Verification, and there is a spot for the arresting officer to certify that everything in the complaint is true. Underneath his signature, there is a line with a S.A. approval next to it with room for a signature, and that line was left blank. Marta was prosecuted by the... No, is that printed? Is the verification form printed? Yeah, the S.A. line. Yes, it just says S.A. approval, and then there's a line for a signature. Oh, it's printed. It is printed, yes. Marta was prosecuted by the Village of Glen Ellyn without written permission, and thus her conviction must be reversed. The village argues that a nebulous global permission must have been given to the village to prosecute the case. And the village relies on a second district case from 1983 entitled People v. Weider, and a third district case from 2012 titled City of East Peoria v. Palmer. However, the most recent case on this topic is People v. Herman, which is a third district case, and People v. Herman controls. In Herman, this court found that the record on appeal did not contain written permission for the village to prosecute a violation of the vehicle code. In Herman, the village attempted to transfer the prosecutorial authority by crossing out State of Illinois on the complaint and writing in Village of Frankfort. This court found that that was insufficient, and it reversed despite the village's assertion that it was a harmless change. And again, this court found that there was no written permission in the record on appeal that the state had given the village the authority to prosecute. The village also claims that Weider is the case that should control here because it reflects real-life practice. But it is irrelevant what is done in real-life practice. What is relevant is, is the statute being complied with? The statute requires written permission from the state's attorney, and there should be written permission from the state's attorney in every case. And it is not an onerous requirement. It could be something as simple. Well, here there was a spot in the complaint for the state's attorney to sign off and give approval, and that wasn't done. But it could even be met with a pre-printed line on the complaint that says, you know, the state's attorney of DuPage grants the village of Glen Ellyn permission to prosecute the case. But there's nothing in this record that shows that there was ever permission granted globally or individually or ever. So it's a village policeman that issued this citation? Yes. Okay. So you're suggesting that the state's attorney's office or the county provide different types of citations for each village? No, it could be, I mean, it could be pre-printed or, I mean, it could be uniform, but there needs to be some sort of approval. That's what I'm saying. Yeah. You know, the village officer has citations, and they would be pre-printed with a statement to that effect. Correct, absolutely. That's one option you would say to avoid this case, right? Exactly, yes, that would be an easy option. Or the state could have physically signed the verification in the spot where it was supposed to, to get their approval. How many tickets are issued in this village? Pardon me? How many tickets are issued in this village? Oh, two. Oh, in this case, two. They're not doing a very good job, then, if there's only two. In Glen Ellyn? In this village, many. Many? I'm sure. Do you have any ideas? No. Oh, that's opposing counsel. Okay. But still, I mean, it's not, there's a line for the state and assistant state's attorney to sign off, or there could be a pre-printed. If the village of Glen Ellyn did have permission to prosecute, it wouldn't be hard to include a line somewhere in the record, somewhere on the complaint, anywhere, to show that the statute has been complied with, and that the village actually has permission to prosecute this case. It just, it was either sloppy, or they didn't have the permission. We don't know. The record is completely silent. But it should be on the citation, the complaint. This isn't a drafted complaint by the state's attorney's office or the village office, is it? The ticket. Yeah. Is that the complaint that's being processed, that's being prosecuted on? I would have to, I don't remember exactly. Have you been to a village call? No. Okay. Thank you. Counsel, what about the labor issue? I would argue that the error is not forfeited, because a conviction obtained by a municipality without statutory authority to prosecute is void, or it's also second-pronged plain error, because it was such a serious error that it challenged the integrity of the judicial process. Somebody was prosecuted for a crime without statutory authority to do so, and that's a serious issue. And also, the village can't claim unfair surprise, because they are on notice that the Section 16-102C required them to have written permission from DuPage County in order to prosecute violations of the Vehicle Code. So, Marta respectfully requests that this Honorable Court reverse her conviction outright. Unless there's any questions. Thank you, Counsel. You'll have time in reply. Ms. Dolan, you may respond. May it please the Court. Good morning, Your Honors, Counsel. I'm Mary Jean Dolan for the Plaintiff Appellate Village of Glen Ellyn. We all agree that Section 16.102C of the Illinois Vehicle Code says that a municipality must have their written permission of the state's attorney to undertake a criminal prosecution for a DUI under the Vehicle Code. The question for this Court is what that permission must look like and when it must be given. As I'll explain, this Court issued two very different opinions on that issue within a month of each other, in late 2012. And neither case mentioned the other, so they had not been reconciled. And this case provides the Court with the opportunity to follow the case espousing the wiser, more practical policy. Podkill relies on one fact to argue that her DUI conviction was invalid. There's a line in the DUI verification printed form that says SA Approval, and it was not signed by a state's attorney. It was left blank. She relies on one of the two very different cases, People v. Herman. And there, an assistant state's attorney appears to have approved of the municipality doing the prosecution because she initialed her approval on the caption of the case when People was struck out and the Village title was substituted. But she didn't sign something in that box. And the Court in Herman took this unduly strict view of the statutory requirement and held that this shows the state's attorney had not given permission for the municipal prosecution. Now, counsel read the statutory section, but it's fair going back to it to see that it doesn't say anything about a particular form being signed, nor does it say anything about in each case this permission slip must be presented. It simply says the state's attorneys are generally doing these cases, except that when the violation occurs within the corporate limits of a municipality, the municipal attorney may prosecute if written permission to do so is obtained from the state's attorney. So it's a very broad statement about when, you know, there's nothing indicating when permission must be obtained. In the other late 2012 Third District case, City of East Peoria v. Palmer, this Court took a far more practical and generous view of the statutory requirement. There, a former state's attorney had issued a letter granting the municipality global permission to prosecute vehicle code DUI cases way back in 1989. Defendant had argued that the statute requires specific approval from the current newly elected state's attorney. But this Court rejected that argument. Instead, this Court held that the longstanding 23-year-old global permission was sufficient to satisfy the vehicle code requirement. And importantly... We don't have that here, though. We don't have that in the record because it was not brought up in the trial court. May I first explain a little more about Palmer and then come back to the waiver issue? Sure. Importantly, in Palmer, this Court adopted in full the argument from an earlier Second District court case, Peoples v. Weider. Weider recognized that the vehicle code does not require specific signed permission on a case-by-case basis. And that this is so because often that's not the way it's done. Palmer started with approval the statement from Weider that to require proof of such permission as part of the municipal attorney's offer of proof in the record of each case would be an unreasonable and an unnecessary verdict. Counsel, how difficult would it be for the municipality to put a copy or some reference to the permission, just some reference to the fact that the state's attorney has given global permission in each case? It doesn't seem like an unreasonable burden to me. So there is a form, a verification form, that I believe, I would assume, is countywide. So you're saying there should be some kind of printed, that they should type in that form? No, I'm saying that the state, the village needs to have something in the record. Because we have no way of knowing whether the state's attorney has given permission or not. Well, in Weider... It's a jurisdictional question. In Weider, there was nothing in the record that indicated either way whether the state's attorney had been, had given permission. And the court found that because they had not raised it below, it was waived. And the reason that's so important is because, if it's brought up, Podkill never raised this purported problem in the trial court, even though she filed a motion for reconsideration and for a new trial, which raised a host of other proposed issues. So the village was not unnoticed, and it should produce evidence of a longstanding... As it's established jurisdiction to prosecute. Well, at least in Weider and Palmer, this last... In Palmer, they did seem to adapt it for this Weider case. And Weider said that it's basically up to the defendant to notice, to bring up the fact. If they're going to rely on the fact that the form has gotten signed, they should bring that up. And then that could have... That would have led to the village coming forth with its permission letter that it had gotten years ago. Did they say that? No, they didn't say that. But these cases are very short, these appellate court decisions. There's not a lot to them. But reading between the lines, it seems like in Palmer, what happened was, there was some letter issued in 1989 by a past state attorney saying... Which had never been rescinded. Pardon? Which had never been rescinded. There was no evidence of that? Yeah, the record. We're going by the record. There's been no rescission. Okay. So the record, it seems like they... I don't think the record... Did the record say that? Okay. I didn't see that. What I did see was that they were bringing up... There's a newly elected state attorney, so he should be the one who now has to once again give permission. So it seemed to me that it appeared as if the defendant brought this issue up in that case. So we don't know that in the case it was written up. Because it's not part of the DUI elements. It's not part of the burden of proof for a DUI on the digital code. No, this is... So it's not to be expected. This is... The prosecution for DUI rests with the state, correct? Mm-hmm. Okay. And this legislature, in their wisdom, has said, hey, you have a village here, okay? Right. We want to grant the village the right to prosecute. But these are the provisions that must be met. So the label of the statute says you must obtain the written permission. It doesn't say anywhere you must provide evidence of the written permission in your criminal cases. But in order for us to have jurisdiction, we need to know that the state's attorney has given permission. And without any recitation in the record, we have no way of knowing that. Well, several other cases, wider, you know, there was nothing in the record. And they said that because they had not been brought up, that that was a reason to go forward. And Palmer seemed to accept that. And it's not clear from the Palmer decision. They never said in the decision that this 189 letter is in evidence here or was put before the trial court. So it's not clear to me that that's what happened in the Palmer case. I also want to address briefly the two arguments that counsel for Podkill brought up about why there's no waiver or forfeiture. And I'm using those two terms together. We use waiver, which was used in the Wiater case. Forfeiture and waiver, in the case that Podkill cited, Thomas, can often have very much in common and can be used almost interchangeably. So whichever you want to look at it as. Podkill says there's no waiver because there's no need for a defendant to preserve the error if the conviction is a nullity. But the cases she cites as support, which are Wagner and Moorhead, both involve convictions made under unconstitutional criminal statutes, which is not relevant here. So in other words, the conviction was under an unconstitutional statute. And so even if that was not brought up at the trial court, it was sufficient to bring it up on appeal that the statute was unconstitutional. Here we don't have that. The other thing she brings up is the idea that it's plain error because the line on the state's approval, the line for statutory approval on the DUI verification form was left blank. This is not the kind of plain error that accounts for overcoming waiver. For example, in Heron, which is a case cited by Podkill, the plain error involved incorrect jury instructions, which clearly impacted the defendant's rights as a matter of substance of law. That the state's attorney did not sign the specific individual verification form did not affect Podkill's rights in any way. It did not change the burden of proof or the elements of the DUI or the evidence or affect her constitutional rights in any way. So there was no plain error. This court should follow its 2002 decision in Palmer and also adopt Wiater, which held that whether the defendant failed to make this argument below and the record was silent as to whether there was statutory approval or not, then it's too late to do so on appeal. So Podkill was given the verification form with the blank line next to essay approval from the beginning of the case. If she believed this shows noncompliance with the vehicle code, which it does not, she had plenty of time and clear notice to bring this legal challenge as a pretrial motion. That would have put the village on notice of her legal argument and the village could have provided proof of the state's attorney's ongoing global permission to prosecute these cases. Such proof is simply not part of the elements or burden of proof of a DUI case. Instead, what it is is an ongoing administrative arrangement between two overworked government entities. This court has the opportunity here to choose the wiser course, the one more consistent with practical realities. As this court said in Palmer, according to Wiater. Speaking of overworked, I meant to ask you, what are the numbers?  Well, then we can't say they're overworked. I guess as a matter of general principle, most governments are overworked with regards to prosecuting compliance. And I guess that also, you know, the state's attorney is not always there during these municipal prosecutions of state law. So they've been granted this global right to prosecute these cases. They're doing so typically without the presence of a state's attorney nearby. So we're not contesting the practice of having global global. No one is contesting the practice of having global permissions. Mm hmm. That's not the issue here. Right. So what the court of Wiater said should be considered. It was cited with approval by Palmer, the third district. It says to require as urged by defendant. The municipal attorney offered proof of the record in the record of each case that prosecutorial permission has been given by the state's attorney. Appears to be unreasonable and unnecessary burden to impose on the municipal attorneys and state's attorneys. And would also unduly burden the record keeping responsibilities of the circuit clerks. An analogous argument to that offered by defendant might be to require that the record established that the prosecutor and trial judge hold their respective offices. So it's like saying that trial is an undue burden. I mean, that's a lot of dicta in there. Yeah. So with that, the village respectfully requests this court to find no violation of section 16. Why don't you see the vehicle code and to uphold pot kills valid DUI conviction? Thank you. No. Thank you, counsel. Counsel, you may reply. So the plane air here, the air was not that the line was left blank. The air was that the serious error is that DuPage County did not give permission to a private attorney working for a municipal corporation to prosecute a violation of the Illinois vehicle code. So it's it's not that the line was left blank. It's that we don't know. And from the record, it appears there was not permission from the state's attorney to the village here to prosecute, prosecute pod pool. And along with this, you know, the case law, the case that says, oh, you know, globally, there's global permission. This is just how it's done. That's a slippery slope argument. We don't know. And again, from this record, it appears that DuPage County has not given permission. It would not be difficult, as several justices discussed. It would not be difficult to put in some kind of line in the record that says that the state's attorney has granted the village of Glen Ellyn permission to prosecute these violations of the code. In 1983 in wider, maybe it would have been a little bit more difficult. But now, with everything being electronic and it's easy to scan or insert one line into the complaint. And just just to make it clear that DuPage County has at some point given written permission to the village to prosecute these violations. We just, you know, just we don't know what has been done in DuPage County because the record is quiet. And as Herman has said, the record on appeal should have there should be written permission in the record that there is permission to prosecute. So Marta respectfully requests that this honorable court reverse conviction outright. No questions. OK, thank you. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement and a written disposition.